IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

SIRIUS SOLUTIONS, L.L.L.P, SIRIUS SOLUTIONS GP, L.L.C., TAX MATTERS PARTNER,

)
)
)
)
)

Petitioners-Appellants

)

No. 24-60240

)

v.

)
)

COMMISSIONER OF INTERNAL REVENUE,

)
)
)

Respondent-Appellee

)
)

**MOTION FOR A 30-DAY EXTENSION OF TIME IN WHICH TO FILE THE COMMISSIONER'S PETITION FOR REHEARING EN BANC**

The Commissioner of Internal Revenue, appellee herein, by and through his counsel, Ellen DelSole, respectfully moves this Court for a 30-day extension of time, to and including April 1, 2026, within which to file a petition for rehearing en banc in the above-captioned case. In support of this motion, counsel states as follows:

1.    On January 16, 2026, a panel of this Court decided the above-captioned appeal in favor of the appellant, in an opinion authored by Judge Oldham and joined in by Judge Englhardt. Judge Graves

authored a dissenting opinion. Under F.R.A.P. 40, the deadline for the Commissioner to file a petition for rehearing is currently March 2, 2026. The Commissioner has not previously requested an extension of time to file a petition for rehearing in this case.

2.    I am an Assistant Director of the Appellate Section of the Civil Division's Tax Litigation Branch at the United States Department of Justice,[1] and I am the supervisory attorney assigned to this case. Paul Allulis, the lead attorney responsible for briefing and arguing this case, left the Department of Justice and withdrew from this case in late May 2025. Samuel Jones was reassigned as the lead attorney, but Mr. Jones is currently out of the office for an extended period on parental leave. The Appellate Section has lost over 40% of its attorneys since February 2025, due to retirement, resignation, or temporary transfer. Therefore, at this time, it is not possible for me to assign this case to yet another attorney, who would need to devote time to learning the issues

---

[1] As part of a planned Department of Justice restructuring, the Tax Division, which previously handled this case, ceased to exist effective November 30, 2025. At that time the civil litigation functions of the Tax Division, including the Appellate Section handling this case, were transferred to the Civil Division, and into a new Tax Litigation Branch.

in this case. Accordingly, I am now handling this matter myself, in addition to my managerial duties.

3.    Filing of a petition for rehearing en banc may proceed only if authorized by the Solicitor General, after consideration of the views of the Civil Division of the Department of Justice and of the Chief Counsel at the Internal Revenue Service. *See* 28 C.F.R. Part O, Subpart D, § 0.20(b). This process requires collecting recommendations from agencies interested in the proceeding and of attorneys assigned to the case at the Department of Justice, and their supervisors, which recommendations the Office of the Solicitor General considers in deciding whether to authorize an appeal. This process requires review of the record and consideration of the legal issues by attorneys who were not involved in the trial court proceedings and who are, at the same time, handling other active litigation and managerial duties. Although the process of obtaining authorization is underway, the Department is still engaged in determining whether to pursue further review in this matter. If a petition for rehearing en banc is authorized, it will be necessary to take into account the Solicitor General's views in drafting the petition for rehearing.

4.     I have been unable to devote my full attention to this case. In addition to my managerial duties, I have responsibility for the following other case-related matters:

a.     I was required to prepare for oral argument and travel to Boston to present oral argument on February 5, 2025, in *Denham Capital Management, L.P v. Commissioner* (1st Cir. – No. 25-1349).

b.     I am the supervisory attorney assigned to *Seekamp v. Commissioner* (9th Cir. – No. 25-1375).  In that capacity, I was required to review and edit the Commissioner's answering brief in that case, which was filed on a second extension on February 6, 2025.

c.     I am the supervisory attorney assigned to *Borrillo v. Commissioner* (6th Cir. No. 25-1748).  In that capacity, I was required to review and edit the Commissioner's answering brief in that case, which was filed on a second extension on February 9, 2025.

d.     I am the supervisory attorney assigned to *O'Neill v. Commissioner* (9th Cir. No. 25-5250).  In that capacity, I was required to review and edit the Commissioner's answering brief in that case, which was filed on a second extension on February 17, 2025.

e.    I am the supervisory attorney assigned to *Montrois v. United States* (D.C. Cir. - Nos. 25-5090 and 25-5192).  In that capacity, I am required to review and edit the combined response brief and principal brief on cross-appeal (if the Solicitor General authorizes cross appeal). That brief is currently due to be filed on a third extension on March 5, 2026.

f.    I am the supervisory attorney assigned to *David v. United States* (6th Cir. No. 26-3034), in which the Government's opening brief is currently due on March 16, 2026.  I was required to draft the recommendation of the Civil Division regarding whether to pursue that appeal *David,* in time for the Solicitor General to review all relevant recommendations and decide whether to authorize that appeal, and to allow time for the assigned attorneys to draft an opening brief that will be of maximum assistance to the Court.

g.    I am the supervisory attorney assigned to *Soroban Capital Partners LP v. Commissioner* (2d Cir. - No. No. 25-2079).  In that capacity, I am required to review and edit the Commissioner's answering brief in that case, which is due on March 9, 2026.  Under the rules of that court, that deadline cannot be extended.

h.    I am the supervisory attorney assigned to *Laurenzano v. Commissioner* (4th Cir.  No. 25-2020).  In that capacity, I am required to review and edit the Commissioner's answering brief in that case, which is due on a second extension on March 23, 2026.

i.    I am the supervisory attorney assigned to *Faulk Company, Inc. v. Robert F. Kennedy, Jr., Secretary, U.S. Dep't of Health and Human Servs.* (5th Cir. No. 25-10773), in which the Government's reply brief is currently due on February 27, 2026 (although an extension of that time may be requested).  In that capacity, I am required to review and edit the Government's reply brief prior to filing.

5.    Additional time is therefore required to allow me to obtain the required authorization and to draft a petition for rehearing en banc that will be of maximum assistance to the Court.

6.    I have contacted Mary McNulty of the law firm of Holland & Knight, counsel for the appellant, and she has stated that the appellant objects to this motion.

WHEREFORE, the Commissioner prays that the time for filing a petition for rehearing *en banc* be extended for 30 days, to and including April 1, 2026.

Respectfully submitted,

/s/    ELLEN PAGE DELSOLE

ELLEN PAGE DELSOLE  (202) 514-8128
    *Attorney*
    *Tax Litigation Branch*
    *Civil Division*
    *U.S. Department of Justice*
    *Post Office Box 502*
    *Washington, D.C. 20044*
    *Telephone: (202) 514-2930*
    *Ellen.Page.DelSole@usdoj.gov*
    *Counsel for Respondent-Appellee*

Dated: February 19, 2026

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| SIRIUS SOLUTIONS, L.L.L.P, SIRIUS SOLUTIONS GP, L.L.C., TAX MATTERS PARTNER, | ) ) ) ) | |
| Petitioners-Appellants | ) ) | No. 24-60240 |
| v. | ) ) | |
| COMMISSIONER OF INTERNAL REVENUE, | ) ) ) | |
| Respondent-Appellee | ) ) | |

DECLARATION

Ellen Page DelSole, of the Department of Justice, Civil Division, Tax Litigation Branch, Appellate Section, Washington, D.C., states as follows:

1.    I am an attorney employed in the Department of Justice, and, in that capacity, I have primary responsibility for representing the Commissioner of Internal Revenue in the above-entitled case.

2.    The facts in support of, and the reasons for, the Commissioner's motion for an extension of time to file its response to

the petition for rehearing en banc are true and correct to the best of my

knowledge.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed this 19th day of February, 2026, in Washington, D.C.

/s/  ELLEN PAGE DELSOLE
ELLEN PAGE DELSOLE
*Attorney*

2

## CERTIFICATE OF COMPLIANCE

With Type-Volume Limitation, Typeface Requirements,
and Type Style Requirements

1.  This motion complies with the type-volume limitation of Fed.
R. App. P. 27(d) because:

[X]  this motion contains __1121__ words, excluding the parts
thereof exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[ ]   this motion uses a monospaced typeface and contains [*state
the number of*] lines of text, excluding the parts thereof
exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This motion complies with the typeface requirements of Fed. R.
App. P. 32(a)(5) and the type style requirements of Fed. R. App. P.
32(a)(6) because:

[X]  this motion has been prepared in a proportionally spaced
typeface using Microsoft Word 2010 in 14-point Century
Schoolbook, *or*

[ ]   this motion has been prepared in a monospaced typeface
using [*state name and version of word processing program*]
with [*state number of characters per inch and name of type
style*].

(s) ___/s/ Ellen Page DelSole_____

Attorney for the Commissioner of Internal Revenue_____

Dated: February 19, 2026_____